## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-690 PSG (FFMx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Hailo Technologies, LLC v. Anker Technology Co. Ltd. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):     Order GRANTING Defendant's motion to dismiss**

Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) filed by Defendant Anker Innovations Limited ("Anker"). *See* Dkt. # 21 ("*Mot.*").[1]  Plaintiff Hailo Technologies, LLC ("Hailo") opposes the motion, *see* Dkt. # 22 ("*Opp.*"), and Anker replied, *see* Dkt. # 24 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **GRANTS** Anker's motion.

I.     Background

Hailo initiated this action on January 26, 2018 by filing a complaint for patent infringement against Roav Inc.  *See* Dkt. # 1.  More than three weeks later, Hailo filed a new complaint, which was docketed as its first amended complaint ("FAC"), that named Anker as the defendant.  *See* Dkt. # 13 ("*FAC*").  Anker notes that the FAC is essentially the same as the original complaint filed against Roav Inc., with the differences being the caption and the fourth paragraph, the latter of which reads, "Defendant is a foreign entity of unknown form located in Kowloon, Hong Kong, which does business in the State of California."  *Id.* ¶ 4; *Mot.* 1:21–24.

On March 5, Hailo filed a proof of service on Anker.  *See* Dkt. # 16.  The process server's declaration states that on February 23, 2018, he delivered the summons to Jessica Rivera and mailed it to Roy Stanley at an address in Oakland, California.  *Id.*  Anker claims that it is a holding company registered in Hong Kong and that Roy Stanley "is not Anker's employee or agent for service and is not authorized to accept service of process on behalf of Anker."  *Mot.* 2:4–12; *see also Declaration of Dongping Zhao*, Dkt. # 21-3 ("*Zhao Decl.*"), ¶¶ 3–4; *Declaration of Roy R. Stanley*, Dkt. # 21-2, at 2.  Anker further asserts that it "does not have an

---

[1] Although the complaint was filed against "Anker Technology Co., Ltd.," Anker explains that it changed its name to "Anker Innovations Limited" in November 2017.  *Mot.* 2:6–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-690 PSG (FFMx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Hailo Technologies, LLC v. Anker Technology Co. Ltd. | | |

agent for service of process in the United States as it does not do any business in the United States," and that the Oakland address to which the summons was mailed is not its "business, office, usual place of abode or usual mailing address." *Mot.* 2:12–15; *Zhao Decl.* ¶¶ 4–5.

Anker now moves to dismiss the case, arguing that Hailo's attempted service was ineffective under the Federal Rules of Civil Procedure. *See generally Mot.*

II.   Legal Standard

A complaint may be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). *See, e.g.*, *Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *1 (C.D. Cal. Jan. 26, 2011). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" the Federal Rules. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also In re Focus Media Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Once the sufficiency of service of process is challenged, the plaintiff bears the burden of establishing that service—and the court's jurisdiction—are valid. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In reviewing a motion to dismiss for insufficient service of process, the court may consider affidavits and other evidence submitted by the defendant. *See, e.g.*, *RCR Plumbing & Mech., Inc. v. ACE Am. Ins. Co.*, No. EDCV 10-00995 VAP (DTBx), 2011 WL 2412556, at *5 (C.D. Cal. June 3, 2011).

III.   Discussion

Under Federal Rule of Civil Procedure 4, "a domestic or foreign corporation, or a partnership or other unincorporated association," must be served "in a judicial district of the United States" either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California's Code of Civil Procedure governs service of summons both within and outside California. *See* Cal. Civ. Proc. Code § 413.10. Service may be accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served," *id.* § 415.10, or alternatively by leaving a copy of the summons and complaint with a competent person at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-690 PSG (FFMx) | Date | May 8, 2018 |
|----------|----------------------|------|-------------|
| Title | Hailo Technologies, LLC v. Anker Technology Co. Ltd. | | |

individual's business, office, dwelling, usual place of abode, or usual mailing address. *See id.*
§ 415.20.

Based on these rules, Anker argues that it was not properly served. It notes that it does
not have an agent for service of process in the United States, and that Roy Stanley is not its
employee or agent for service and the Oakland address to which the summons was mailed is not
its business or mailing address. "Thus," Anker concludes, "Hailo failed to serve [it] in
accordance with state law in the state of California, where this district court is located and where
service (purportedly) was made." *Mot.* 3:22–24.

In opposition, Hailo makes various arguments, none of which are availing. First, it argues
that, contrary to Anker's assertions in its motion, Anker *does* in fact conduct business in the
United States. *See Opp.* 4:9–7:21. However, whether or not this is true is irrelevant as to
Anker's motion. Other jurisdictional issues are not before the Court; the only question at this
time is whether service was properly effected, the answer to which does not depend on Anker's
level of business activity in the United States or California.

Next, Hailo crafts an argument that Stanley has "apparent authority" to accept service on
behalf of Anker. *See id.* 7:23–10:7. It bases this theory on a separate action, *Zagg Inc. v. Anker
Technology Co. Ltd.*, CV 17-2193 DOC (DFMx) (C.D. Cal.), in which the plaintiff served its
complaint on Anker in the same manner Hailo utilized in this action: by serving Roy Stanley.
*See Plaintiff's Request for Judicial Notice*, Dkt. # 23 ("*RJN*"), Ex. 6.[2] Hailo concludes that,
because "Anker did not contest service in the *Zagg* matter" and "also admitted that venue [was]
proper," Stanley is therefore a proper agent for service. *Opp.* 8:8–14 (citing *RJN*, Exs. 7, 8).
However, even setting aside the factual distinctions between this action and *Zagg*,[3] as well as the
stipulation regarding service that was filed in *Zagg*,[4] the Court cannot agree that Anker is
necessarily estopped from denying that Stanley is its agent in this case. For this proposition,

---

[2] Publicly filed court documents are the proper subject of judicial notice. *See United States ex
rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)
("[W]e may take notice of proceedings in other courts, both within and without the federal
judicial system, if those proceedings have a direct relation to matters at issue.") (internal
quotation marks omitted).
[3] As Anker explains, "Anker did not contest service in that case, although it could have, because
it chose to appear along with its wholly owned subsidiary, [co-defendant] Fantasia, to defend its
accused Anker mobile phone battery cases. Mr. Stanley is Fantasia's attorney and its agent for
service of process." *Reply* 2:9–13 (citing *RJN*, Ex. 1).
[4] The *Zagg* parties filed a stipulation in which Anker indicated that it had "agreed to waive the
requirement for service of the Complaint in Hong Kong and has agreed that its U.S. counsel can
accept service of the Complaint on its behalf." *See* CV 17-2193, Dkt. # 13, at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-690 PSG (FFMx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Hailo Technologies, LLC v. Anker Technology Co. Ltd. | | |

Hailo relies on *Eastman Kodak Co. v. Miller & Miller Consulting Actuaries*, 601 N.Y.S.2d 10 (N.Y. App. Div. 1993), in which the New York state court resolved a service issue based on New York rules, not the Federal Rules of Civil Procedure or California rules. As for estoppel generally,

> courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity.

*New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (citations and internal quotation marks omitted). Even if the Court were to conclude that Anker's positions in this case and *Zagg* are inconsistent—which it does not—Anker notes that there is no indication that its position in *Zagg* met with success, as that case is still in its early stages. *See Reply* 5:20–6:4. Judicial estoppel is therefore inapplicable in this case.

Hailo also argues that, because Anker has reasonable notice of this action, proper service of process is not required. *See Opp.* 10:9–11:6. This is an incorrect and illogical proposition; as Anker notes, if it were correct, then "there would be no need for federal and state rules providing how service can be properly accomplished." *Reply* 6:16–17. Reasonable notice or not, Hailo is not excused from complying with the Federal Rules of Civil Procedure. The single case on which it relies, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), does not hold otherwise.

Finally, Hailo requests, if the Court determines that service was insufficient, that it be permitted to serve Anker "via one of the other accepted methods open to it, such as service by publication." *Opp.* 11:9–15. It also seeks leave to amend "to serve those in the distribution supply chain, including Walmart and Amazon as they also sell infringing products." *Id.* 11:24–25. Should Hailo wish to add additional defendants and move the Court for an order directing alternative service of process, then it may refile this action and do so.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Anker's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5). This action is hereby **DISMISSED** without prejudice.

This order closes the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-690 PSG (FFMx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Hailo Technologies, LLC v. Anker Technology Co. Ltd. | | |

**IT IS SO ORDERED.**